CLERK'S OFFICE U.S. DIST. COU
AT ROANOKE, VA
FILED
JUL 17 2014
JULIA C. DUDLEY, C
BY:
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES W. THACKER, ) | Civil Action No. 7:14-cv-00287 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C/O FUSON, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | Chief United States District Judge |

Charles W. Thacker, a Virginia inmate proceeding pro se, filed an amended complaint pursuant to 42 U.S.C. § 1983, naming three correctional officers of the Wallens Ridge State Prison ("WRSP") as defendants: C/O Fuson, C/O Robinson, and Sgt. McCray. Plaintiff alleges that defendants negligently lost his property and falsely charged him with an institutional infraction for disobeying an order. Plaintiff complains that a WRSP hearing officer found plaintiff guilty of the allegedly false charge and, consequently, he spent a brief period of time in segregation and lost a prison job. Plaintiff also alleges that Sgt. McCray retaliated against him when Sgt. McCray did not immediately sign a form needed to mail documents to the court as plaintiff requested.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to state a violation of a federal right, and the court must dismiss the amended complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

None of plaintiff's claims about defendants invokes the due process protections afforded by the Fourteenth Amendment. C/O Robinson's disciplinary offense report alleged that plaintiff defied three direct orders to return to his cell, and C/O Robinson testified at the disciplinary hearing. Thus, there was some evidence in the disciplinary hearing record that plaintiff failed to comply with a direct order. See, e.g., Moore v. Plaster, 266 F.3d 928, 931-33 (8th Cir. 2001) (retaliatory-discipline claim may not proceed where disciplinary action is supported by "some evidence"); Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that a simple, conclusory allegation of false charges does not state a claim).

Furthermore, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications, like segregation, do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Plaintiff's brief confinement in segregation did not exceed a sentence in such an extreme way as to give rise to due process protections of the Fourteenth Amendment. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; long periods in the cell; no outside recreation; no educational or religious services; and less food, was not so atypical as to impose a significant hardship). Moreover, inmates have no constitutional right to job opportunities while incarcerated and may be terminated from prison jobs without due process. See, e.g., Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995).

The allegation that defendants negligently lost plaintiff's property also does not state any constitutional claim because a meaningful post-deprivation remedy for the loss is available via the Virginia Tort Claims Act. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); see, e.g., Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

2

Plaintiff also fails to state a claim that defendants are retaliating against him by refusing to sign a form needed to mail documents to the court.[2] Plaintiff has complied with the time limits and conditions imposed by the court, and he fails to establish any adverse impact related to any alleged retaliation. Plaintiff must present more than conclusory allegations of retaliation. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); see Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting inmates' claims of retaliation are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct"). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment and idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See, e.g., Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989). Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the action is dismissed without prejudice.

**ENTER**: This 17th day of July, 2014.

*/s/ Glen Conrad*
Chief United States District Judge

---

[2] The court notes that plaintiff does not allege a retaliatory motive for the disciplinary charge.

3